## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| JOHN FITZGERALD JOHNSON, #129570, | ) ) ) | CIVIL ACTION NO.   3:07-3750-PMD-JRM |
| Petitioner, | ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| RICHARD BAZZLE, WARDEN PERRY CORRECTIONAL INSTITUTION, | ) ) ) ) | |
| Respondent. | ) ) | |

Petitioner, John F. Johnson ("Johnson"), is an inmate at the South Carolina Department of Corrections serving a sentence of life imprisonment for armed robbery. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on March 25, 2008. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on March 31, 2008, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Petitioner filed his response on June 19, 2008.

### Procedural History

On March 12, 2000 an individual robbed a L'il Cricket Convenience Store in Spartanburg County.  Fingerprint evidence and a photographic lineup led to Johnson's arrest.  He was convicted

1

by a jury. Based on Johnson's prior criminal record, he was sentenced to life imprisonment without parole ("LWOP") pursuant to S.C.Code Ann.l § 17-25-45.

Johnson filed a direct appeal through the South Carolina Office of Appellate Defense raising the following issue:

> Did the lower court err by sentencing appellant to life confinement under S.C.Code § 17-25-45, when the state's notice of intent to seek a life sentence listed a crime for which appellant was never convicted?

The conviction was affirmed by the South Carolina Court of Appeals. State v. Johnson, 2002-UP-742 (S.C.Ct.App., Nov. 26, 2002) (App. 248). A petition for rehearing was denied. Johnson's petition for writ of certiorari to the South Carolina Supreme Court was denied (App. 338). The Remittitur was returned on August 4, 2003 (App. 342).

Johnson filed an application for post-conviction relief ("PCR") on June 25, 2004 (App. 268). An evidentiary hearing was held on October 26, 2005. Johnson was represented by Rodney W. Richey, Esquire. The PCR court issued a written order of dismissal on February 3, 2006 (App. 311). A Johnson[1] petition for writ of certiorari was issued raising the following issue:

> The Lower Court erred by sentencing Appellant to life confinement under S.C. Code of Law § 17-25-45 when the State's notice of intent to seek a life sentence listed a crime for which Appellant was never convicted. (Plus receiving a sentence enhancement based on prior felony conviction cannot be used to support enhancement if it exceeds ten years.)

Johnson filed a pro se petition arguing:

1. The State's notice of its intent to seek LWOP was insufficient[2];

2. The trial court erred in failing to grant a directed verdict on the charge of armed

---

[1] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

[2] This is the same issue raised in direct appeal.

2

robbery.[3]

3.    Trial counsel was ineffective for failing to investigate a deficiency in the indictment used to enhances Johnson's sentence, in not seeking a continuance to investigate the case; and failing to object to the Solicitor's opening argument. (Res.Mem., Ex. 5)

The petition for writ of certiorari was denied by the South Carolina Supreme Court on June 20, 2007.

(Res.Mem., Ex. 6).  The Remittitur was returned on July 6, 2007. (Res.Mem., Ex. 7).

### **Grounds for Relief**

In his present petition Johnson asserts that he is entitled to a writ of habeas corpus on the following grounds:

> **GROUND ONE:**          THE LOWER COURT ERRED BY SENTENCING APPELLANT TO LIFE CONFINEMENT UNDER S.C. CODE § 27-25-45.
>
> **SUPPORTING FACTS:**   THE STATE PROVIDED PETITIONER WITH NOTICE OF A PRIOR CRIME WHICH TURNED OUT NOT TO EXIST. HAVING RECEIVED THIS NOTICE, PETITIONER HAD EVERY RIGHT TO RELY ON IT IN PREPARING HIS DEFENSE. THE NOTICE WAS DEFECTIVE NOT BECAUSE IT OMITTED INFORMATION, BUT BECAUSE IT CONTAINED AN AFFIRMATIVE MISREPRESENTATION.
>
> **GROUND TWO**:          THE COURT IN FAILING TO IMPEACH WITNESS CREDIBILITY AND TESTIMONY, ALLOWED DEFENDANT TO BE CHARGED WITH ARMED ROBBERY.
>
> **SUPPORTING FACTS**:   WITNESS WROTE SEVERAL STATEMENTS ALLEGING THAT THE DEFENDANT HAD HIS HAND IN HIS POCKET, BUT NO WEAPON WAS SHOWN. WITNESS DIDN'T TESTIFY TO THAT IN COURT, NOR DID SHE PUT IT IN HER FIRST

---

[3]Johnson casts this claim as a lack of subject matter jurisdiction.

3

STATEMENT. WITNESS['] TESTIMONY WAS THAT SHE COULDN'T SEE THE DEFENDANT['S] HAND AND THERE WASN'T A CONSCIOUS PRESENTATION MADE WHICH WAS A CRITICAL ELEMENT IN CONVICTING THE DEFENDANT FOR ARMED ROBBERY. INCONSISTENCY VICTIM['S] STATEMENTS AND TESTIMONY.

**GROUND THREE**:    COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE THE CASE TO UNDERSTAND THE RELEVANCE AND FAILING TO OBJECT TO THE SOLICITOR'S OPENING STATEMENT THAT WENT INTO THE FACTS OF THE CASE.

**SUPPORTING FACTS**:    (1) TRIAL COUNSEL DIDN'T INVESTIGATE THE 1985 BURGLARY TO SEE IF THE INDICTMENT WAS INVALID OR WAS THE GRAND JURY UNCONSTITUTIONALLY SELECTED AND IMPANELED IN ENHANCING THE DEFENDANT; (2) COUNSEL FAIL[ED] TO FAMILIARIZE [HIMSELF] WITH THE 1985 BURGLARY TO SEE IF IT WAS IN PROPER FORM, SUCH AS TRUE BILL AND SIGNED BY THE SOLICITOR; (3) COUNSEL FAIL[ED] TO OBJECT TO IMPROPER VOUCHING OF A WITNESS CREDIBILITY IN AN [OPENING] STATEMENT.

**GROUND FOUR**:    THE COURTS DIDN'T HAVE PROPER SUBJECT MATTER ... JURISDICTION TO SENTENCE THE PETITIONER FOR HIS 1985 BURGLARY.

**SUPPORTING FACTS**:    PETITIONER WAS INDICTED FOR ARMED ROBBERY AND WAS FOUND GUILTY AS INDICTED ON JANUARY 18, 2001, BY JURY. HE RECEIVED A LIFE SENTENCE PURSUANT TO SOUTH CAROLINA CODE 17-25-45. THE 1985 BURGLARY FIRST INDICTMENT WAS DEFECTIVE AND WASN'T IN PROPER FORM TO BE [USED FOR ENHANCEMENT]. THIS PARTICULAR INDICTMENT IS INVALID IN THAT IT LACKS THE SOLICITOR'S SIGNATURE .

4

<u>**Discussion**</u>

**A. Procedural Bar.**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    **1.**      **Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies

5

> available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.  See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948.  In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976).  The second avenue is by filing an application for post-conviction relief ("PCR").  See S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application.  See, S. C. Code Ann. § 17-27-90.  Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision.  S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually

reached the merits of the claim.[4]  If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims.  See Rose v. Lundy, supra.

> ### 2.     Procedural bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts.  If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition.  The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion.   The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time.  Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances.  See discussion below on procedural bypass.

[5]This concept is sometimes referred to as procedural bar or procedural default.  If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

state courts, the federal court honors that bar.  State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality
> of those decisions, by forcing the defendant to litigate all of his claims
> together, as quickly after trial as the docket will allow, and while the attention
> of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant
> succeeds in showing both 'cause' for noncompliance with the state rule and
> 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac,

456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the

claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be

ignored and the federal court may consider the claim.  Where a petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice,  the

federal courts generally decline to hear the claim.  See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.  Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in

state court, and is precluded by state rules from returning to state court to raise the issue, he has

procedurally bypassed his opportunity for relief in the state courts, and this court is barred from

considering the claim (absent a showing of "cause" and "actual prejudice").  In such an instance, the

exhaustion requirement is "technically met" and the rules of procedural bar apply.  Matthews v.

Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson,

501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v.

Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4.    Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989).  First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim.  Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996).  Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim.  In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986).  A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials.  Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988).  A petitioner must show reasonable diligence in pursuing his claim to establish cause.  Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996).  Further, the claim of cause must itself be exhausted.  Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice.  Tucker v. Catoe, 221

9

F.3d 600, 615 (4th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. <u>Satcher v. Pruett</u>, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. <u>O'Dell v. Netherland</u>, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. <u>Royal v. Taylor</u>, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, <u>Id</u>., or his sentence. <u>Matthews v. Evatt</u>, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. <u>Gray v. Netherland</u>, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the defaulted claim. <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), <u>cert</u>. <u>denied</u>, 517 U.S. 1171 (1996).

Respondent concedes that Johnson's claim that the state courts erred in sentencing him to LWOP was properly exhausted on direct appeal (Ground One). Ground Two and Four stated above were not raised on direct appeal, nor in the <u>Johnson</u> petition and the <u>pro</u> <u>se</u> brief. They are clearly procedurally barred. Respondent argues that portions of Johnson's claim of ineffective assistance of counsel claim are procedurally barred even though raised in the <u>pro</u> <u>se</u> petition for writ of certiorari. The undersigned will discuss these claims of ineffective assistance of counsel

### B. Standard of Review.

Since Johnson filed his petition after the effective date of the Antiterrorism and Effective

Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d),

as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), *cert.*

*denied,* 521 U.S. 371 (1998) and <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525

U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim--(1) resulted in a decision that was contrary to,
> or involved an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or (2) resulted in
> a decision that was based on an unreasonable determination of the facts in
> light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See <u>Williams</u>

<u>v. Taylor</u>, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court

must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's]
> clearly established precedent if the state court applies a rule that contradicts
> the governing law set forth in [Supreme Court] cases .... A state- court
> decision will also be contrary to this Court's clearly established precedent if
> the state court confronts a set of facts that are materially indistinguishable
> from a decision of [the Supreme] Court and nevertheless arrives at a result
> different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the
> Supreme] Court's precedent if the state court identifies the correct governing
> legal rule from this Court's cases but unreasonably applies it to the facts of the
> particular state prisoner's case. Second, a state-court decision also involves an
> unreasonable application of [the] Court's precedent if the state court either
> unreasonably extends a legal principle from [Supreme Court] precedent to a
> new context where it should not apply or unreasonably refuses to extend that
> principle to a new context where it should apply.

<u>Id</u>. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's

application of clearly established federal law was objectively unreasonable." Id. at 1521.

## C. LWOP

S.C.Code Ann. § 17-25-45 provides for the imposition of LWOP if a defendant has been convicted of "one or more" "most serious offense(s)".  The statute further provides that if "the solicitor...seek(s)...sentencing of a defendant under this section, written notice must be given by the solicitor to the defendant...not less than ten (10) days before trial. (§ 17-25-45(H)).  The Solicitor provided written notice[6] to Johnson and listed burglary and armed robbery as predicate offenses. However, Johnson did not have a previous conviction for armed robbery, but he concedes he did have a prior qualifying burglary conviction.  Johnson argued on direct appeal that the erroneous listing of the armed robbery conviction rendered the notice ineffective.  The South Carolina Court of Appeals concluded that the statute "only requires the solicitor to inform the defendant that the recidivist sentencing statute will be applied upon conviction." State v. Johnson, supra quoting State v. Burdette, 335 S.C. 35, 39-40, 515 S.E.2d 525, 528 (1999).

The South Carolina Court of Appeals decided the issue as an interpretation of state statute. Johnson has never raised a constitutional issue with respect to this claim.  Habeas relief is not available for a perceived error of state law. Pulley v. Harris, 465 U.S. 37 (1984).

## D. Ineffective Assistance of Counsel.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution.  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).  In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective

---

[6]No copy of the notice was presented to the state court or to this court.

assistance of counsel.  A petitioner must first show that his counsel committed error.  If an error can

be shown, the court must consider whether the commission of an error resulted in prejudice to the

defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell

below an objective standard of reasonableness." Strickland, at 688.  "The proper measure of attorney

performance remains simply reasonableness under prevailing professional norms."  Turner v. Bass,

753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986).

In meeting the second prong of the inquiry, a complaining defendant must show that he was

prejudiced before being entitled to reversal.  Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that,
> but for counsel's unprofessional errors, the result of the proceeding
> would have been different.  A reasonable probability is a probability
> sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the
> reasonableness of counsel's challenged conduct on the facts of the
> particular case, viewed as of the time of counsel's conduct. . . the court
> must then determine whether, in light of all the circumstances, the
> identified acts or omissions were outside the wide range of
> professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal

habeas court must determine whether the state court's decision "was contrary to, or involved an

unreasonable application of clearly established Federal law, as determined by the Supreme Court of

the United States."  28 U.S.C. § 2254(d)(1).  The court's analysis should center on whether the state

courts properly applied the Strickland test.   See Williams v. Taylor, 529 U.S. 362 (2000).

13

("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

### 1. Failure to Investigate.

An attorney has a duty to make a reasonable factual and legal investigation to develop appropriate defenses.  Sneed v. Smith, 670 F.2d 1348 (4th Cir. 1982).  The reasonableness of the investigation is evaluated by the totality of the circumstances facing the attorney at the time.  Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), *cert. denied*, 505 U.S. 1230 (1992).  The Courts recognize limits to investigation based on time, resources, and relevance and conclude that "Strickland does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client."  Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds* by Williams v. Taylor, 529 U.S. 362 (1998).  A decision not to investigate a particular avenue of defense is assessed by the same standard of "reasonableness in all the circumstances" by which an attorney's performance is measured in other areas.  Strickland, 466 U.S. 690-91.  A petitioner asserting a claim of ineffectiveness of counsel in failing to investigate must make a showing that the failure was prejudicial.  Generally, the failure to investigate and present a potential alibi witness supports a claim of ineffective assistance of counsel.  However, at the PCR hearing, the petitioner must present evidence establishing what the witness would have said at trial.  Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991).

Johnson argues that his trial counsel was ineffective for failing to investigate the victim's statements to the police.  According to Johnson the Solicitor argued to the jury in his opening statement that the victim would testify that she thought Johnson had a gun because he kept his hand in his pocket.  This argument was based on written statements from the victim to authorities prior to

trial.  However, at trial the victim's testimony varied from her written statements to a degree in this regard. (Tr. 87-91).  At the PCR hearing Johnson testified that if his trial counsel had the victim's written statements he could have cross-examined her more effectively.  Insofar as Johnson argues that the victim's statements could have been the basis of an objection to the Solicitor's opening argument, the claim must fail.  Johnson has not produced those statements.  He has failed to show error or prejudice.

Johnson also argues that his trial counsel failed to investigate his 1985 conviction for armed robbery which, as discussed above, was listed as a predicate offense for LWOP.  According to Johnson, an investigation would have shown that the indictment was defective because it was not signed by the Solicitor.  Even if this is true, Johnson cannot show prejudice because ultimately the armed robbery conviction was superfluous as a sentencing enhancement.

### Conclusion

Based on a review of the record, it is recommended that respondent's motion for summary judgment be **granted**, and the petition be **dismissed** without an evidentiary hearing.

Joseph R. McCrorey
United States Magistrate Judge

September 11, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).