**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| John Fitzgerald Johnson, #129570,   ) | |
|                          ) | |
|        Petitioner,       ) | |
|                          ) | Civil Action No.: 3:07-CV-3750-PMD-JRM |
|        v.             ) | |
|                          ) | |
| Richard Bazzle, Warden of the    ) | **ORDER** |
| Perry Correctional Institution,    ) | |
|                          ) | |
|        Respondent.      ) | |

This matter is before the court upon Petitioner John Johnson's ("Johnson") Objections to a United States Magistrate Judge's Report and Recommendation ("R&R") that Respondent Richard Bazzle's ("Respondent") Motion for Summary Judgment be granted and that Johnson's section 2254 petition be dismissed. Having reviewed the entire record, including Johnson's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Johnson copied the R&R's procedural history verbatim and without objection; thus, the court adopts it as its own.

### I.   Procedural History

On March 12, 2000, an individual robbed a L'il Cricket convenience store in Spartanburg County. Fingerprint evidence and a photographic lineup led to Johnson's arrest, and a jury found him guilty of armed robbery. Based on Johnson's prior criminal record, he was sentenced to life imprisonment without parole ("LWOP") pursuant to S.C. Code Ann. § 17-25-45. Johnson filed a

direct appeal through the South Carolina Office of Appellate Defense, but the Court of Appeals affirmed his conviction. (*State v. Johnson*, 2002-UP-742 (S.C. Ct. App. Nov. 26, 2002)). A petition for rehearing was denied. The South Carolina Supreme Court denied Johnson's petition for a writ of certiorari, and the remittitur was returned on August 4, 2003.

Johnson filed an application for post-conviction relief ("PCR") on June 25, 2004. An evidentiary hearing was held on October 26, 2005, in which Rodney W. Richey represented Johnson. The PCR court issued a written order of dismissal on February 3, 2006. A Johnson petition for writ of certiorari was issued raising the following issue:

> The Lower Court erred by sentencing Appellant to life confinement under S.C. Code of Law § 17-25-45 when the State's notice of intent to seek a life sentence listed a crime for which Appellant was never convicted. (Plus receiving a sentence enhancement based on prior felony conviction cannot be used to support enhancement if it exceeds ten years.)

Johnson filed a *pro se* petition arguing:

1. The State's notice of its intent to seek LWOP was insufficient;

2. The trial court erred in failing to grant a directed verdict on the charge of armed robbery;

3. Trial counsel was ineffective for failing to investigate a deficiency in the indictment used to enhance Johnson's sentence, in not seeking a continuance to investigate the case; and failing to object to the Solicitor's opening argument.

The petition for writ of certiorari was denied by the South Carolina Supreme Court on June 20, 2007. The remittitur was returned on July 6, 2007.

On November 14, 2007, Johnson filed a habeas corpus petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. The petition asserted four grounds that entitled him to a writ of habeas corpus: (1) the lower court erred by sentencing Johnson to life confinement under S.C. Code § 27-25-45; (2) the court, in failing to impeach witness credibility and testimony, allowed Johnson to be charged with armed robbery; (3) counsel was ineffective

for failing to investigate the case to understand the relevance and failing to object to the solicitor's opening statement that went into the facts of the case; (4) the courts didn't have proper subject matter jurisdiction to sentence Johnson for a 1985 burglary conviction that was used to enhance his present sentence to LWOP. On March 25, 2008, Respondent moved for summary judgment on all grounds presented in Johnson's petition.

## II.    **Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that Johnson's second ground for relief, that the court allowed him to be charged with armed robbery because it failed to impeach the credibility and testimony of the witnesses, and his fourth ground for relief, that the courts didn't have proper subject matter jurisdiction to sentence the petitioner in 1985 for an armed robbery conviction, were procedurally barred from consideration in a federal habeas corpus petition because those issues were not raised on direct appeal, nor in the *Johnson* petition and the *pro se* brief. Regarding Johnson's first ground for relief, that the solicitor's Notice of Life Sentence Pursuant to Section 17-25-45 proved "constitutionally insufficient," the Magistrate Judge found that federal habeas relief is not available for a perceived error of state law, and regarding Johnson's third ground for relief based on ineffective assistance of counsel, the Magistrate Judge found that Johnson failed to provide evidence that demonstrated either error on the part of Johnson's trial counsel or prejudice suffered by Johnson sufficient enough to obtain relief on this ground. For these reasons, the Magistrate Judge recommended the court grant Respondent's Motion for Summary Judgment and dismiss Johnson's petition.

## STANDARD OF REVIEW

## I.    **Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

3

R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

## II.  **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF JOHNSON'S OBJECTIONS

**I.    Grounds Two and Four of Johnson's Petition are Procedurally Barred**

In his Objections, Johnson makes the same arguments he asserted in his petition for a writ of habeas corpus. In doing so, he fails to object to the Magistrate Judge's ruling that his challenge to the court's exercise of subject matter jurisdiction over his 1985 conviction and sentencing and his assertion that the court failed to impeach witness credibility and testimony are procedurally barred from consideration in a federal habeas corpus petition. These issues were not raised on direct appeal or in the *Johnson* petition and the *pro se* brief to the South Carolina Supreme Court that appealed the denial of his PCR application. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in an earlier state proceeding forecloses consideration by the federal courts. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Although federal courts at all times retain the power to look beyond state procedural forfeitures, the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice resulting from the alleged constitutional violation." *Id.* (internal quotation omitted). In his Objections, Johnson offered no evidence that proved he had raised these issues in state court, nor did Johnson make the required showing of cause, prejudice, or that the failure to review the claim will result in a fundamental miscarriage of justice. Thus, the court agrees with the Magistrate Judge's recommendation that grounds two and four of Johnson's petition are procedurally barred.

**II.    Life Without Parole Sentence**

South Carolina Code Annotated § 17-25-45 provides for the imposition of LWOP if a defendant has been previously convicted of one or more "most serious" offenses. The statute further provides that if "the solicitor . . . determines to seek sentencing of a defendant under this

section, written notice must be given by the solicitor to the defendant and defendant's counsel not less than ten days before trial." S.C. Code Ann. § 17-25-45(H). In Johnson's case, the solicitor provided written notice to Johnson but mistakenly listed a prior conviction of armed robbery on January 22, 1993 as the predicate "most serious" offense that enabled him to seek LWOP at Johnson's March 12, 2000 armed robbery sentencing. Johnson argues that he did not have a previous conviction for armed robbery; however, he conceded that he did have a prior qualifying burglary conviction.

On direct appeal, Johnson argued that the erroneous listing of an armed robbery conviction rendered the notice ineffective. In affirming Johnson's LWOP sentence, the South Carolina Court of Appeals concluded that §17-25-45 "only requires the solicitor to inform the Respondent that the recidivist sentencing statute will be applied upon conviction." *State v. Johnson*, *supra* (quoting *State v. Burdette*, 335 S.C. 35, 39–40, 515 S.E.2d 525, 528 (1999)). The Magistrate Judge recommended dismissing this claim because the South Carolina Court of Appeals based its decision on an interpretation of a state statute, and Johnson never raised a federal constitutional issue with respect to this claim. In his Objections, Johnson only reiterates the same argument he made in his federal habeas petition that "the erroneous listing of the armed robbery convictions rendered the notice ineffective and constitutionally insufficient." The court agrees with the Magistrate Judge's rejection of this argument. The South Carolina Court of Appeals decided the issue as an interpretation of a state statute, and federal habeas relief is not available for a perceived error of state law. *Roach v. Angelone*, 176 F.3d 210, 217 (4th Cir. 1999) (noting that federal courts do not have the power to reexamine a state court's determination of state law). Furthermore, Johnson claims his LWOP sentence violates article I, section 14 of the South Carolina Constitution. Thus, Johnson fails to allege that his custody is in violation of the

Constitution or laws or treaties of the United States, and the court grants Respondent's Motion for Summary Judgment on this issue.[1]

### III.    Ineffective Assistance of Counsel for Failure to Investigate

#### a.    *Strickland* Standard for Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). *Strickland v. Washington*, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

---

[1] The court also notes that Johnson concedes he did have a prior burglary conviction, albeit not for armed robbery, that qualified him for LWOP sentencing pursuant to S.C. Code Ann. § 17-25-45; thus, the application of this statutory provision would have applied to Johnson's sentencing regardless of the erroneous listing of armed robbery as his prior "most serious" offense.

### b.  **Objections**

Johnson's ineffective assistance of counsel claim arises from the solicitor's opening argument to the jury in Johnson's trial. In his opening statement, the solicitor told the jury that, as Johnson robbed the victim with his right hand, Johnson had "his [left] hand in his pocket and [told the victim] that he's going to blow her head off." According to Johnson, the solicitor based his argument on written statements the victim provided to authorities prior to trial. At trial, however, the victim's testimony varied slightly from her written statements. She testified that she could not recall if Johnson had his left hand in his pocket or under his sweater, but she remembered that is was concealed from view. At the PCR hearing, Johnson testified that if his trial counsel had the victim's written statements he could have cross-examined her more effectively. In considering this argument by Johnson, the Magistrate Judge found that, because Johnson failed to produce the victim's written statements, he failed to show error by his trial counsel or prejudice sufficient to satisfy the *Strickland* standard.

In his Objections, Johnson makes the same arguments he asserted in his federal habeas petition, that his trial counsel was "ineffective for failing to investigate the case to understand the relevance and failing to object to the solicitor's opening statement that went into the facts of the case" and that "defense counsel . . . should've moved for a continuance on the sole basis that he needed more time to prepare because petitioner was facing the possibility of a life sentence without parole." Since Johnson did not include with his Objections any evidence to support these assertions, including the victim's written statements that Johnson complains about, he still has failed to show that his trial counsel's performance was deficient in a manner that prejudiced him. Therefore, the court must agree with the Magistrate Judge's recommendation that Respondent's Motion for Summary Judgment be granted on this issue as well.

## CONCLUSION

For the foregoing reasons, the court agrees with the Magistrate Judge's Report and Recommendation that Respondent Richard Bazzle's Motion for Summary Judgment be **GRANTED** and that Petitioner John Johnson's Petition be **DISMISSED** without an evidentiary hearing.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 6, 2009**